Number 191457 Shinya Imamura et al. v. General Electric Company Morning Mr. Forte May it please the Court, Rule 4 to Eckertsen and Chairman Malott for the appellants. I'd like to reserve five minutes for rebuttal. That's acceptable to the Court. You may. There's one issue in the case. There's no adequate available form in Japan for the plaintiff's claims in this case against General Electric. There's no dispute about that. And because General Electric was unable to meet that threshold test, the District Court committed legal error in dismissing the case for foreign non-convenience. Can I ask you a question? Is there anywhere in the record where I can read the original contract that was entered into by GE at the beginning of the building of these facilities? No, Your Honor. We have never seen that. It has never surfaced. When you talk about there being no adequate remedy, it seems to me what you're actually saying is you could not maintain successfully a cause of action against GE, which seems to be different from saying that there is no adequate remedy. Let me give you a simple example. You have two tortfeasors jointly in several, and the law allows you to sue one of them but not the other, but recover 100 percent of your damages from the one you can sue. That, to me, would be a law that would provide an adequate remedy, even though it provided you with no ability to sue one of the parties. Why is this different? This is different because it was a foreign non-convenience dismissal, which requires first an available form. If there's no available form against the defendant in a U.S. case... You see, you had to put in the words, against the defendant, but I don't think the test is, is there a cause of action against the defendant. It seems to me the cause looks at the needs of the plaintiff. The plaintiff has suffered a loss. Can you get an adequate remedy for that loss? And I see no argument that the loss can't be adequately compensated for in Japan. Rather, it's an argument that among the possible people who one might seek that recovery, GE is not on that list. Well, because there's a statute in Japan that says they're immune from suit. Sure, but if you can recover your loss in full, how do you say that's not an adequate remedy? Well, that's a damages question. Well, remedy is always a damages question. Correct, and we've never gotten to that. But my point is, as I understand it, and correct me if I'm wrong, as the record now stands, you can obtain full and fair, reasonable compensation in Japan under their compensation scheme. In theory, we don't believe... But it's always in theory in one of these cases. Well, in theory, yes. In reality, no. I think it's safe to say if my clients and the class had been adequately compensated, why would we bother to be here? But this was a form of convenience dismissal, and if you look at the cases, what the courts usually do is make certain that the defendant in the U.S. case is going to actually participate in some form of adjudication, typically litigation, in the other form. They do it by stipulation. They do it by condition. They often have experts testifying about foreign law. And here we have no availability. What is the substantive law that would apply, whether you have a cause of action or not? Well, it's our position it's going to be U.S. law. We've also pleaded Japanese tort law in the alternative in our complaint. Well, is the Japanese tort law decided by what the legislature in Japan legislated as the cause of action based on this type of injury? Yes. It's a civil code system, and it's in the civil code. We decided those sections in our complaint. And basically, they decided what cause of action, if any, you had in Japan. Yes. Yes, they did. Well, it's like, I mean, suppose you have an antitrust claim here in the United States, and you're an indirect purchaser from the conspiring parties. You might have, what, no adequate trouble damage remedy you might have to seek a pass on. Would that mean that you had no adequate remedy at all, and you could bring a claim in some other jurisdiction overseas? Your Honor, I don't know. I don't think American antitrust law would be applicable in a jurisdiction overseas. But bring me back to when we talk about adequacy, are we talking about a comparative? In other words, are we talking about adequate as compared to what you would have here? Which would then get to Judge Tarawaya's choice of law question. I'm having great difficulty seeing how an American court would ever upset the regulatory scheme Japan has sought to put in place by saying that notwithstanding that law in Japan, you can sue one of the contractors. Well, TEPCO, the Tokyo Electric Power Company, is going to continue to do whatever it's going to do in Japan, notwithstanding what happens here. There's not going to be another case like this. Because of the treaty going forward. Correct. Okay, so I understood your opening argument to be not quite about remedy, but no adequate available forum in Japan. Correct. So if for some reason you could not be served, you could not adequately serve people in Japan, that might be a different matter. But you can get service on GE in Japan. Well, that's not completely clear, Your Honor, because as far as we know, the General Electric Company that is a defendant in this case does not exist in Japan. They operate through affiliates of some kind. They claim they've been sued in Japan, but that's not right. The entity that was sued was General Electric Japan Holdings KK, which we don't think even existed at the time of the plant. The time the plant was constructed. So we don't know for sure if service of process can be affected there, and we don't know what the effect of that would be on anything. But receiving papers and papers alone is not what the test should be. It should be. It would be a meaningless act if that's all that the Foreign Non-Communist Law requires. But in some ways it's a meaningless act if you get jurisdiction in Japan and then you're immediately met with a motion to dismiss because there is no cause of action under Japanese law, which gets you back to Judge Torea's, wouldn't Japanese law apply here anyway? Well, what we didn't see in the district court's opinion, Your Honor, is we have three expert opinions that were not mentioned that says the NCA restrictions do not apply to actions filed outside of Japan. As far as bringing an action in Japan where the NCA says GE cannot be sued, my Japanese counsel advises they don't know the answer to the question of whether or not we'd be able to bring that action. You have three experts that say it depends on where you bring the suit? With respect to the Nuclear Compensation Act in Japan, correct. That Japan would not apply the act if an action were brought in America? Correct. It wouldn't apply here. The Japanese government has not appeared in this case. They haven't filed an amicus brief. So you have to assume that for whatever reason their interest in the case is non-existent. No, one doesn't assume from the failure to file an amicus brief anything. Your Honor, you're correct. The reason I bring that up is because in the Cooper case in the Ninth Circuit they did file an amicus brief in the Ninth Circuit. So they're aware of the situation. What's the reason you're asking? Let's assume the United States choice of law rules would apply the Japanese restrictions. Why would Japan want to turn that around by saying, oh no, our restrictions don't apply if you sue in the U.S.? It seems it would undercut the entire purpose of what they're trying to do with the NCA. Well, the answer is, Your Honor, I don't know what their position is on this case. They haven't expressed it. But why would it conceivably be what you're advocating it would be? Well, I don't know other than the fact that our experts tell us that the provisions of the Nuclear Compensation Act are limited to actions within Japan. It's a public law enacted to carry out Japanese public policy. It couldn't apply in the United States any more than the United States antitrust law could be applied in Japan. Not all laws can be transmitted across boundaries. The tort statutes are private laws between private individuals, and they represent a dispute over private rights. But the district court did not discuss any of this. It's referred to in our motion to dismiss. The district court dismissed solely on the grounds of forum nonconvenience. Your time is up right now. Thank you. Mr. Weiner. Good morning. Your Honor, and may it please the Court, David Weiner, appearing for General Electric. Plaintiff's argument that the district court erred in finding that Japan is an adequate alternative forum is wrong on the law, on the facts, and it fails the test of common sense by depriving federal courts of discretion to grant FNC dismissals in cases where they make the most sense, namely where foreign citizens file suit in the U.S. for the avowed purpose of avoiding a comprehensive remedial scheme enacted in their home countries that unquestionably provide remedies for the types of injuries that they allege, but nonetheless restrict them from filing claims and recovering damages from specific defendants that they've opted to sue in the United States. What do you say of the contention that there is expert testimony interpreting foreign law such that the Japanese restrictions, by virtue of Japanese law, do not apply outside to suits brought outside of Japan? So there are about half a dozen reasons why those arguments don't make sense. First of all, I'll avoid the evidentiary problems with those submissions that we noted. Just on their face, the argument doesn't make sense as to why Japan would not want the channeling law to apply in courts outside of Japan. That would create an incentive for everybody in Japan who has a claim for nuclear damage to, they could recover first in Japan and then they could turn to courts outside of Japan to seek additional recovery from other parties. The whole purpose of the remedial scheme contemplated by the Compensation Act is to, in essence, to foster and maintain the civilian nuclear power industry by ensuring access to insurance funds and to protect participants in that industry in the face of potentially calamitous damages. Those purposes would be completely destroyed if the Compensation Act didn't apply in courts outside of Japan. The argument that those experts were making, in essence, was based on Japanese choice of law principles. It's really this notion, this choice of law doctrine called RENVOI, which as part of the choice of law analysis, you incorporate the choice of law of the foreign jurisdiction. And fortunately, every court that I'm aware of in the United States, in federal and state court, has rejected RENVOI for the very obvious reason that it often results in circular analysis. The restatement on conflicts of law rejects RENVOI. Massachusetts, of course, incorporates restatement analysis into its choice of law reasoning. The Japanese government, when it submitted an amicus brief in the Cooper case in the Ninth Circuit, it was a very short brief. Your Honor, you're exactly right. You can't draw anything from when a foreign sovereign decides or not to file an amicus brief. It's incredibly uncommon. And one of the few points that they made is that it was incredibly important to the government of Japan to have all claims related to Fukushima adjudicated within the context of the Compensation Act scheme. And it's entirely clear why that would be the case. If foreign plaintiffs can come and create a class action outside of Japan and sue General Electric, there's no reason they couldn't bring claims against any other contractor in the chain of manufacturer who does business with TEPCO, and the remedial scheme that Japan has created would fall apart. Excuse me. I would like to ask you, is there anything in the record of any contract between the parties that contains a clause indicating where lawsuits are to be brought or what law applies to the contract? That was not part of this record for the simple reason that this case doesn't involve claims between GE and TEPCO. And what is more is that in terms of choice of law analysis, the analysis would be different as between first-party claims for torts versus... The short answer is no. That's correct. It is not part of the record here. Nor do we think it would make a difference for purposes of the FNC analysis. Ms. Kellerman. Ms. Lynch. Two things. One, to follow up on Judge Torea's question. You say the contract would govern the relationship between whichever GE entity was involved in building the power plant and TEPCO, but TEPCO is not the plaintiff here, so those choice of law things go by the side. But I had asked some questions about service of process. Could you... I was about to get to that. Okay. So the notion that there is some doubt about service and jurisdiction over GE in Japan is entirely incorrect. The record is undisputed on this. You can look in GE's motion to dismiss. I think it's at page 20. GE's reply at page 11. Both state that GE can be served in Japan, subject to jurisdiction in Japan. The statute of limitations for nuclear damage claims is 10 years. This also isn't a case where GE just made these assertions. GE filed an expert... Look, what he said was, yeah, some GE entity can be served, but it's not the GE entity which built the power plant. So what I was about to get to is that we submitted an expert declaration from a Japanese law expert further explaining the ability to serve. They have named GE Corporation in this case. That's the entity that they've gone after. We made representations in our briefing in the district court and the expert declaration from a Japanese lawyer. This is undisputed in the district court. They never challenged any of this. If you look at page 172 to 178... Well, it can be taken as an admission that's binding in the case. It is, right? If we have made an admission to this court and we've submitted evidence... I suppose you've limited it to this case. I'm sorry? I suppose you've limited it to this case. Well, it would be binding in the sense that they went to Japan and filed a lawsuit based on these claims in Japan, and GE were to take a different position in that litigation than what we've taken here vis-à-vis service, jurisdiction, and statute of limitations, and the Japanese court were to act on that, they could come back here, file a Rule 60 motion in district court, and reinstitute the case. But at 172 to 176 in the JA, GE's Japanese law expert explains in great detail the ways in which GE would be subject to jurisdiction in Japanese courts for these claims. At 191 in the JA, he discusses that... for these claims in Japan, and at 195 explains in the JA that the statute of limitations is 10 years for these claims. So all of the baseline elements for establishing that there is an available form has been met. And then you get to the next part of the inquiry. Wait a minute. Sorry, but we always have to think about the implications of the legal rules. Why is the statute of limitations pertinent to this? So there are some FNC cases that have taken the position that an FNC dismissal cannot be granted if there is a statute of limitations that would apply in the alternative form that wouldn't apply in the U.S. And there are a few cases that have required as conditions of dismissal that the defendant agree not to raise limitations that would not have run in the United States in the alternative form. That's not an issue here. Yes, but just hypothetically, assume it's clear it's a 10-year statute, but the claim is brought at year 11. In the U.S., the statute of limitations might be 15 years. Why would that difference figure into forum nonconvenience? I'm still having some trouble. Sure, and I think it goes to the ability of the plaintiff to litigate the subject matter of the claim in the alternative form. Then it goes back to choice of law as to which statute of limitations applies. Well, it should, and that's why some courts, as conditions of dismissal, have said if there's a limitation that would not have run in the U.S. And, again, I think you're right that it does contemplate potentially a choice of law analysis that you wouldn't raise that in the alternative form. It's a diversion. I was just curious. I think it raises an interesting question. There are some cases, the Fourth Circuit's, I'm going to butcher the name, but it's a shipping case, Campaniera, and that was a case where the plaintiffs had deliberately let the Chinese statute of limitations run, and the question is whether China was an available forum not withstanding the deliberate decision to allow the limitations to run. The Fourth Circuit said it was, that you can't essentially deliberately sabotage the alternative form and thereby prevent FNC dismissal. And in some respects, this case is sort of similar to that because what plaintiffs have opted to do is essentially say, well, even though the record is undisputed that GE can be served for these claims in Japan, that there's jurisdiction and the statute of limitations hasn't run, nonetheless, we don't like Japanese courts because we think that this rule of Japanese law is going to prevent us from recovering against GE. We don't want to sue TEPCO. And they're essentially trying to have a federal court here in Boston displace the sovereign decisions of the Japanese government about how to And the case law is simply uniform in holding that plaintiffs don't get to make that decision. The Luke case from the Ninth Circuit, the Tang decision from the Fourth Circuit, and this court's decision in Ahmed versus Boeing, all of these cases uniformly recognize that when you have the possibility of obtaining some recovery in the alternative form, that is sufficient as long as it covers the same types of injuries that you've brought in the United States. This circuit has never said, I think, that administrative remedies count. So this circuit has not specifically discussed administrative remedies. We are not relying on the existence of the ADR, the administrative remedial scheme. I think that would be sufficient, certainly under Luke and Tang and the Velkovich decisions. That's why we have relied on the availability of a remedy in Japanese courts. Ahmed versus Boeing, however, I think is directly on point. That was a case where it was an aviation accident, and the foreign plaintiffs from Pakistan had entered settlements with Pakistani airlines for about $30,000 for wrongful death claims. And as a result of that settlement, under Saudi and Pakistani law, those settlements were termed a diya, or blood money, and they extinguished the remedy, any claim against Boeing, which is who the plaintiffs had sued in the United States. And Judge Breyer's opinion says, number one, that doesn't matter for FNC dismissal, because we think the same rule of decision is going to apply here in Massachusetts. But number two, he said, even if that rule of decision doesn't apply here, it doesn't matter. That under Piper Aircraft, the application of that rule extinguishing the claim against Boeing is nothing more than the sort of change in substantive law that Piper Aircraft deems to be not determinative. Do you know if, under Japanese civil code, the filing of a complaint in this court tolls the statute of limitations? I don't know if that is in the Naito Declaration, but that is my understanding from discussions with the Japanese lawyers, that it would toll. My understanding is that the Japanese courts, especially in these types of cases, have a very careful approach to limitations. But we don't have to get there, because the limitations is still several years out. The Fukushima disaster was in March 2011, so plaintiffs still have several years to file claims. What's more, it is entirely possible that these plaintiffs, and certainly some or many of the class members, have actually filed claims against TEPCO in Japan. The plaintiffs have never responded to that. Judge Sarris asked about that. So it's entirely possible that some or some portion of them have, in fact, recovered some amount of damages from TEPCO already. We just don't know. One or two arguments that the plaintiffs have raised in their reply for the first time, they've invoked a treaty of friendship between the U.S. and Japan, suggesting that that prevents dismissal because it has an equal access clause.  It's entirely on two Second Circuit decisions that three federal courts of appeals, including the Second Circuit, have rejected, and essentially said that those decisions mistake citizenship for convenience. What was it? Pollux v. Chase Manhattan is the Second Circuit case. King v. Cessna in the Eleventh Circuit, and Cassano v. Lemster in the Third Circuit have all rejected those arguments. So the treaty of friendship, even if plaintiffs had raised it in a timely fashion, it doesn't help them. At the end of the day, what plaintiffs are asking for is a rule of decision that would permit every single Japanese citizen who claims some sort of damage arising from the Fukushima disaster to come, file suit in Massachusetts, avoid the ordinary Japanese tort law that they admit doesn't apply in Japan, and to bring their claims under that law. That doesn't make any sense. There has scarcely been a case where private and public interest factors weigh more heavily in favor of dismissal than this one. Judge Sarris got it exactly right, and this Court should affirm. Thank you. Thank you. Mr. Ford? General Electric Company is not amenable to suit in Japan, period, end of story. But wait, they say they are. If I had the burden of showing that I can't serve them and they're saying they are, there's an easy way to carry that burden, which is serve them. And if they refuse to serve them, then you've got them cornered. Because I understand you haven't even tried to serve them. Because the statute says they're immune from liability. They say they're immune to us. What's the point? The statute says they're immune from liability. Does it say they're immune from service? They're immune from suit. That's your point. The service seems to be a complete red herring. Your point is that even if you did serve them, your case would get thrown out of court immediately because of the Japanese statute. Correct, which is what their expert says in his declaration. That's your point, but the service is just a red herring. Correct. Now, the administrative expense cases that you like to talk about, Lewick, Tom, Handover. It's a red herring under your view of the case. I'm sorry, Your Honor. It's a red herring under your view of the case. It is. That goes to the cause of action as opposed to the service. But what law, what Supreme Court or First Circuit law supports your view? On service? No, no. That you look to whether a cause of action exists in the alternative form against a particular defendant. Your Honor, I look at all the cases. No, no, no. Don't do that. Give me. Med versus Boeing. Okay. Now, in that case, Boeing stipulated that being sued in the courts of Saudi Arabia and Pakistan. The issue about the blood money payments to 18 of 21 of the claimants was a concern raised by the appellants, the plaintiffs in the case. There was no disposition as to the legal effect of that under Pakistani or Saudi law. Even in that case, Boeing could be sued in the courts of Saudi Arabia and Pakistan, which is the same case in Luak Tam and Velkovic. All the defendants could be sued in the form. Now, there was also alternatives available like in Tam that could waive the right to sue in the Chinese courts and take money from the fund. And in Velkovic, there was an administrative process by which Carlson Hotels would participate as a party and honor the decision of the Serbian Restitution Commission. You could go after the defendant in a foreign forum. It's a given. They don't use the words cause of action. Every single case, in Gulf Oil versus Gilbert, in Piper, the aircraft company agreed that it could be sued in Scotland. The courts often impose that. They sometimes dismiss without prejudice to allow the case to be reinstated in the States, but it can't be pursued in a foreign forum. It's so implicit that I think it's fundamental and the requirement of the law is amenable to suit. It would be meaningless if you could just serve papers and do nothing further, which is exactly what we have here. So suppose the Japanese government said, just apply to us. We'll pay you 100% of your losses plus a 20% kicker to cover other stuff plus personal injury, but you can't sue anybody else. Well, Your Honor, if we were fully compensated, we wouldn't be here. What would we be wasting our time for? And that's a damage question. We agree we can only collect one recovery. And so what's the evidence that the remedy is not itself adequate? I don't think there's evidence, for only at the most instance. There hasn't been any real evidence on anything other than some affidavits. Well, what is it about Japanese law that leads you to think that the remedy is not adequate? What we've been told by people in Japan, what we're learning on the ground, what our clients tell us. All of which is, at this point, hearsay and inadmissible. Well, on the face of the law, is there anything that suggests that it would not provide a reasonable remedy? There's nothing in the Japanese Nuclear Compensation Act that says anything about specific amounts that people are allowed to recover. There's a system for compensating people through the electric company. But it doesn't talk about how much they're going to get. One of the difficulties in Japan is they have a very opaque system in the sense that there's no public decisions. There's no reporters. The only way you can get court decisions is to go to a courthouse, and only parties are allowed to make photocopies. The settlements with TEPCO are private. You can't get data and information publicly to come in and show the court exactly what's going on. Nonetheless, you and your client group have thought it worthwhile to pursue this litigation. So I'm going to ask the same question Judge Kayada asked. What is your theory of what you are going to get out of this other than the damages that are available to your clients in Japan? Are there different categories of damages that have been rolled out? Well, first of all, there's claims about the products that make up the plant, the failure to warn, and the fact that... You're not answering my question. My question was about damages, not the type of claims that you are bringing. We will get the damages that we didn't recover from TEPCO. You're not answering the question. I'm sorry, Your Honor. You have to have an economic incentive to bring this lawsuit. You have to have some theory, other than pressuring GE to reach a settlement with you, about damages that you could get in this lawsuit that your clients could not get in Japan. What is it? Damages from the cause of action delineated in the complaint. Which? Which are property damage, economic damage, business losses. There's no personal injuries being sought in this case. And those cannot be compensated in Japan? Or that you just think the amounts awarded in Japan are too low? We think that... Well, we know that people have not... Many people have not recovered anything from TEPCO, have not been able to recover anything from TEPCO. Some people have recovered money from TEPCO. There have been damages paid for certain property and business losses in Japan. All right. Thank you. Thank you.